Case 1:21-cr-20005-DPG Document 46 Entered on FLSD Docket 01/06/2021 Page 1 of 16

FILED by __JA__ D.C.

Jan 5, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**21-20005-CR-GAYLES/TORRES**

CASE NO. _____

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 1512(k)
18 U.S.C. § 1512(b)(3)
18 U.S.C. § 1512(c)(2)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853

UNITED STATES OF AMERICA

v.

ALBERICO AHIAS CRESPO,
JORGE DIAZ GUTIERREZ,
YANDRE TRUJILLO HERNANDEZ,
and
ANAIS LORENZO,

                          Defendants.
_____/

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times material to this Indictment:

1.      The Controlled Substances Act ("CSA") governed the manufacture, distribution, dispensing, and possession of controlled substances in the United States. With limited exceptions for medical professionals, the CSA made it unlawful for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with intent to distribute a controlled substance or conspire to do so.

1

2. The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances," and assigned those controlled substances to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

3. A controlled substance assigned to "Schedule II" meant that the drug had a high potential for abuse, the drug had a currently accepted medical use in treatment in the United States, or a currently accepted medical use with severe restrictions.

4. Pursuant to the CSA and its implementing regulations, Oxycodone was classified as a Schedule II controlled substance. 21 C.F.R. § 1308.12(b). Oxycodone, sometimes prescribed under the brand name OxyContin, was used to treat severe pain. Oxycodone, as with other opioids, was highly addictive.

5. Medical practitioners, such as physicians and nurse practitioners, who were authorized to prescribe controlled substances by the jurisdiction in which they were licensed to practice medicine, were authorized under the CSA to prescribe, or otherwise distribute, controlled substances, if they were registered with the Attorney General of the United States. 21 U.S.C. § 822(b); 21 C.F.R. § 1306.03. Upon application by the practitioner, the Drug Enforcement Administration (DEA) assigned a unique registration number to each qualifying medical practitioner, including physicians and nurse practitioners.

6. Chapter 21 of the Code of Federal Regulations, Section 1306.04, governed the issuance of prescriptions and provided, among other things, that a prescription for a controlled substance "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." Moreover, "[a]n order purporting to be a

prescription issued not in the usual course of professional treatment . . . is not a prescription within the meaning and intent of [the CSA] and the person knowingly filing such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances."

7. All prescriptions for controlled substances had to be "dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address and registration number of the practitioner." 21 C.F.R. § 1306.05(a).

8. The Southern District of Florida Health Care Fraud Strike Force (hereinafter "SDFL Health Care Fraud Strike Force") consisted of interagency teams made up of federal investigators and prosecutors that focused on health care fraud and health care-related narcotics trafficking in the Southern District of Florida, including violations of federal laws and regulations described above in paragraphs 1-7.

9. West Medical Office, Inc. ("West Medical") was a corporation organized under the laws of the State of Florida and a pain management clinic doing business at 3408 W. 84th Street, Suite 309, Hialeah, Florida.

10. Pain Management Clinic #1 was a corporation organized under the laws of the State of Florida and a pain management clinic doing business in Miami, Florida.

11. **ALBERICO AHIAS CRESPO**, a resident of Miami-Dade County, Florida, was a Special Agent with the United States Department of Health and Human Services, Office of Inspector General ("HHS-OIG") and since approximately 2010, was assigned to the SDFL Health Care Fraud Strike Force.

12. **JORGE DIAZ GUTIERREZ**, a resident of Miami-Dade County, Florida, lived at the residence of **ALBERICO AHIAS CRESPO** and was a patient recruiter at West Medical and Pain Management Clinic #1 and a purchaser and distributor of Oxycodone.

13. **YANDRE TRUJILLO HERNANDEZ**, a resident of Miami-Dade County, Florida, was a purchaser and distributor of Oxycodone.

14. **ANAIS LORENZO**, a resident of Miami-Dade County, Florida was a patient and a patient recruiter at West Medical and Pain Management Clinic #1 and a purchaser and distributor of Oxycodone.

15. M.P., A.A., P.R., B.R., M.C., and L.A., residents of Miami-Dade County, Florida, were patients that received Oxycodone prescriptions from West Medical and Pain Management Clinic #1.

## COUNT 1
### Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 846)

16. The allegations set forth in paragraphs 1 through 15 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

17. Beginning no later than in or around November 2016, and continuing through on or about July 21, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALBERICO AHIAS CRESPO,**
**JORGE DIAZ GUTIERREZ,**
**YANDRE TRUJILLO HERNANDEZ,**
**and**
**ANAIS LORENZO,**

did knowingly and willfully combine, conspire, and agree with each other and others, known and

unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

The controlled substance involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNTS 2-4
### Distributing and Possessing with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

18. The allegations set forth in paragraphs 1 through 15 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

19. On or about the dates set forth as to each Count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, as specified below, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2:

| | | | | |
|---|---|---|---|---|
| 2 | 5/8/2020 | **JORGE DIAZ GUTIERREZ** | B.R. | 100 TABLETS OF OXYCODONE 30 MG |

| 3 | 5/16/2020 | JORGE DIAZ GUTIERREZ, and YANDRE TRUJILLO HERNANDEZ | A.A. | 115 TABLETS OF OXYCODONE 30 MG |
|---|---|---|---|---|
| 4 | 7/17/2020 | JORGE DIAZ GUTIERREZ, and YANDRE TRUJILLO HERNANDEZ | M.P. | 89 TABLETS OF OXYCODONE 30 MG |

It is further alleged that these violations involved a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT 5
### Conspiracy to Commit Witness Tampering
### (18 U.S.C. §§ 1512(b)(3) and (k))

20. The allegations set forth in paragraphs 1 through 15 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

21. Beginning no later than in or around September 2019, and continuing through on or about July 21, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALBERICO AHIAS CRESPO,**
**and**
**JORGE DIAZ GUTIERREZ,**

did knowingly and willfully combine, conspire, and agree with each other and others, known and unknown to the Grand Jury, to corruptly persuade another person, and knowingly engage in misleading conduct toward another person, with intent to hinder, delay, and prevent the

6

communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Section 1512(b)(3); all in violation of Title 18, United States Code, Section 1512(k).

### COUNTS 6-9
### Witness Tampering
### (18 U.S.C. § 1512(b)(3))

22. The allegations set forth in paragraphs 1 through 15 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

23. On or about the dates set forth as to each Count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, as set forth in each Count below, did corruptly persuade, and knowingly engage in misleading conduct toward another person, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

|   |   |   |
|---|---|---|
| 6 | 6/8/2020 | **JORGE DIAZ GUTIERREZ** |
| 7 | 7/8/2020 | **ALBERICO AHIAS CRESPO** |
| 8 | 7/17/2020 | **ALBERICO AHIAS CRESPO and JORGE DIAZ GUTIERREZ** |
| 9 | 7/20/2020 | **ALBERICO AHIAS CRESPO** |

## COUNT 10
## Conspiracy to Obstruct Justice
## (18 U.S.C. §§ 1512(c)(2) and (k))

24.     The allegations set forth in paragraphs 1 through 15 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

25.     Beginning no later than in or around September 2019, and continuing through on or about July 21, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALBERICO AHIAS CRESPO,**
**and**
**JORGE DIAZ GUTIERREZ,**

did knowingly and willfully combine, conspire, and agree with each other and others, known and unknown to the Grand Jury, to corruptly otherwise obstruct, influence, and impede an official proceeding, in violation of Title 18, United States Code, Section 1512(c)(2); all in violation of Title 18, United States Code, Section 1512(k).

## FORFEITURE
## (21 U.S.C. § 853)
## (18 U.S.C. § 981(a)(1)(C))

1.     The allegations of this Indictment are re-alleged and incorporated by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which any of the defendants, **ALBERICO AHIAS CRESPO, JORGE DIAZ GUTIERREZ, YANDRE TRUJILLO HERNANDEZ,** and **ANAIS LORENZO** have an interest.

2.     Upon conviction of any violation of Title 21, United States Code, Sections 846 and 841, as alleged in this Indictment, the defendant shall forfeit to the United States any property

8

constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853(a).

3. Upon conviction of any violation of Title 18, United States Code, Section 1512, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(a)(2)(B); and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b).

A TRUE BILL

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

_____
SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

ALBERICO AHIAS CRESPO,
JORGE DIAZ GUTIERREZ,
YANDRE TRUJILLO HERNANDEZ,
and
ANAIS LORENZO,

**CERTIFICATE OF TRIAL ATTORNEY**

Defendants.
_____/

**Superseding Case Information:**

New Defendant(s)          Yes ___  No ___
Number of New Defendants  ___
Total number of counts    ___

**Court Division:** (Select One)

_X_ Miami        ___ Key West
___ FTL          ___ WPB          ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   Yes
   List language and/or dialect   Spanish

4. This case will take  _21-60_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                        (Check only one)
   I    0 to 5 days      ___              Petty       ___
   II   6 to 10 days     ___              Minor       ___
   III  11 to 20 days    ___              Misdem.     ___
   IV   21 to 60 days    _X_              Felony      _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  Yes
   If yes:
   Magistrate Case No.  20-mj-03211-Becerra
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes  _x_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes  _x_ No

SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501121

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **ALBERICO AHIAS CRESPO**

Case No: _____

Count #: 1

Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance

Title 21, United States Code, Sections 846 and 841(b)(1)(C)

\* Max. Penalty:   20 Years' Imprisonment

Count #: 5

Conspiracy to Commit Witness Tampering

Title 18, United States Code, Sections 1512(k) and 1512(b)(3)

\* Max. Penalty: 20 Years' Imprisonment

Counts #: 7-9

Witness Tampering

Title 18, United States Code, Section 1512(b)(3)

\* Max. Penalty: 20 Years' Imprisonment

Count #: 10

Conspiracy to Obstruct Justice

Title 18, United States Code, Sections 1512(k) and 1512(c)(2)

\* Max. Penalty: 20 Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name**: <u>JORGE DIAZ GUTIERREZ</u>

**Case No**: _____

Count #: 1

<u>Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance</u>

<u>Title 21, United States Code, Sections 846 and 841(b)(1)(C)</u>

**\* Max. Penalty**: <u>20 Years' Imprisonment</u>

Counts #: 2-4

<u>Distribution and Possession with Intent to Distribute a Controlled Substance</u>

<u>Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)</u>

**\* Max. Penalty**: <u>20 Years' Imprisonment</u>

Count #: 5

<u>Conspiracy to Commit Witness Tampering</u>

<u>Title 18, United States Code, Sections 1512(k) and 1512(b)(3)</u>

**\* Max. Penalty**: 20 Years' Imprisonment

Counts #: 6, 8

<u>Witness Tampering</u>

<u>Title 18, United States Code, Section 1512(b)(3)</u>

**\* Max. Penalty**: 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: <u>JORGE DIAZ GUTIERREZ</u>**

**Case No:** _____

Count #: 10

<u>Conspiracy to Obstruct Justice</u>

<u>Title 18, United States Code, Sections 1512(k) and 1512(c)(2)</u>

**\* Max. Penalty**: 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** <u>**YANDRE TRUJILLO HERNANDEZ**</u>

**Case No:** _____

Count #: 1

<u>Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance</u>

<u>Title 21, United States Code, Sections 846 and 841(b)(1)(C)</u>

<u>**\* Max. Penalty**:   20 Years' Imprisonment</u>

Counts #: 3 and 4

<u>Distribution and Possession with Intent to Distribute a Controlled Substance</u>

<u>Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)</u>

<u>**\* Max. Penalty**:   20 Years' Imprisonment</u>

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** <u>ANAIS LORENZO</u>

**Case No:** _____

Count #: 1

<u>Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance</u>

<u>Title 21, United States Code, Sections 846 and 841(b)(1)(C)</u>

**\* Max. Penalty:**   20 Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.